**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jonathan Christopher Mark PAUL,
aka J.P., Defendant–Appellant.**

No. 07–30310.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2008.

Filed Aug. 12, 2008.

Kirk A. Engdall, United States Attorney's Office, Eugene, OR, Stephen F. Peifer, Esq., Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Marc D. Blackman, Ransom & Blackmon, LLP, Portland, OR, for Defendant–Appellant.

Before: TALLMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Appellant Jonathan Christopher Mark Paul challenges his 51–month sentence as unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ The district court properly calculated the guideline range, and its decision to impose a twelve-level upward departure—despite its finding that the terrorism enhancement in United States Sentencing Guidelines ("U.S.S.G") § 3A1.4 (2000) did not apply—was not an abuse of discretion.[1] Even assuming the district court erred in its first attempt to calculate the guideline range, Paul has no basis to challenge that calculation on appeal. That is not the reasoning the district court employed when imposing his sentence now before us following a second round of sentencing, and Paul concedes the district court's second advisory guideline calculation was technically correct.

■ Where, as here, a district court frames its analysis in terms of a downward or upward departure, we treat the so-called departure as an exercise of its discretion to sentence a defendant outside the applicable advisory guidelines range and review the sentence only for reasonableness. *United States v. Mohamed*, 459 F.3d 979, 987 (9th Cir.2006). The sentence in this case was reasonable. Paul admitted that he sought to "put Cavel West out of business" when he set the fire which destroyed it. Even if his intent was to protect animals, he sought to do so by inflicting terror on the people he believed were harming the animals. Although a public communiqué taking credit for the arson was written by co-conspirator Tubbs several days after the fire, it was relevant in determining the co-conspirator's intent and is clearly an admission against interest made in furtherance of the conspiracy to which he pled guilty. Moreover, the district court did not base its sentence solely on the communiqué. It believed that "Paul's intent was quite obvious, even

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In an Opinion and a Memorandum Disposition filed simultaneously with this Memorandum Disposition we affirm the sentences imposed by United States District Judge Ann L. Aiken on co-defendants Kendall Tankersley, No. 07–30334, and Kevin Tubbs, No. 07–30250, respectively. In *United States v. Tankersley*, 537 F.3d 1100 (9th Cir.2008), we hold that a sentence is reasonable where the district court departs upward twelve levels in order to achieve sentencing parity between defendants, where some co-defendants targeted government property and were properly subject to the terrorism enhancement, and others targeted only private property and were not. We follow the reasoning of that Opinion in addressing the sentencing appeals of all the co-defendants who raise the same issue in these related appeals.

without the communique; the communique was intended to make sure the message was received loud and clear."

■ Paul argues that the district court violated the principle that "a district court may not depart from an applicable guidelines range on the basis of sentence disparity among co-defendants unless the co-defendants were convicted of the same offense as the defendant." *United States v. Caperna*, 251 F.3d 827, 829 (9th Cir.2001). Tubbs and Paul, however, were convicted of the same offenses: conspiracy and at least one substantive count of arson or attempted arson of property used in or affecting interstate commerce in violation of 18 U.S.C. §§ 371 & 844(i). Accordingly, there was no violation of the rule in *Caperna*. And even if there had been, all pre-*Booker* departure cases like *Caperna* have been limited by *Mohamed*, 459 F.3d at 987, and *Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Violating a rule established by a pre-*Booker* departure case is only error where the ultimate sentence imposed is unreasonable. Because the sentence here was reasonable, any failure to follow *Caperna* was not error. The district court could have permissibly reached the same ultimate sentence by exercising its discretion to sentence outside the applicable guidelines range pursuant to 18 U.S.C. § 3553(a)(6), which allows a district court to consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." It makes little sense to conclude that the district court committed error by employing the identical rationale but applying the departure framework instead.

Paul argues that the district court should not have applied a twelve-level upward departure for the Cavel West arson because it applied only a one-level upward departure when it sentenced his co-defendant Tubbs. The terrorism enhancement applied to some of Tubbs's offenses but not others. The district court only needed to depart upward by one level in Tubbs's case to account for those offenses to which the enhancement did not apply, so the different departures had the effect of treating the co-defendants the same.

The district court conducted two separate sentencing hearings for Paul. The court was aware of Paul's illegal activities, as well as his efforts at self-rehabilitation. After granting a downward departure, the district court stated that it found the resulting sentence "reasonable based on the defendant's limited cooperation, his past history, the uncharged conduct, his rehabilitative efforts, the extent of his remorse, and his propensity to commit further crimes." The district court gave proper consideration to Paul's history and characteristics and adequately articulated the reasons for the sentence imposed. We hold his sentence is reasonable. *See Mohamed*, 459 F.3d at 987.

**AFFIRMED.**